# Louisville & Nashville Railroad Co. v. Morgan.

### *Action on Contract for Personal Services.*

1. *Contract for services in recovering stolen property.*—Under a contract between the superintendent of a railroad company and a detective officer, by which the former promised to pay the latter the reasonable value of his services in the discovery and prosecution of persons who had stolen goods from the cars of the railroad company, and the recovery of the goods ; a recovery can not be had on evidence showing that the goods recovered belonged to another railroad company, and that the thieves were convicted of larceny from the cars of that other company.

APPEAL from the Circuit Court of Jefferson.
Tried before the Hon. JAMES B. HEAD.

HEWITT, WALKER & PORTER, for appellant.

COLEMAN, J.—This is an action in assumpsit under a contract of employment for personal services. The parties differ as to some of the material stipulations, but agree in an important statement as to the inducement which led to the formation of the contract. The plaintiff, Morgan, testified as follows : "I went to Mr. Newbold, superintendent of the Louisville & Nashville Railroad Company, and told him I had caught on to some stealing *from the Louisville & Nashville cars* ; and he said, if I would go to work on the case, he would pay me what it was worth." Mr. Newbold testified : "In September, or August last, the plaintiff came to me, and stated that he had caught on to some stealing from the Louisville & Nashville Railroad cars, and asked me what I would be willing to do about it. I told him, if he caught anyone stealing from our cars, and restored the property to us, and it was identified, and if he caught the thieves and got them convicted, I would pay him what was reasonable."

· The material difference as to the terms of the contract, as stated by the contracting parties, consists in the plaintiff's claim to compensation for services rendered, without reference to the result of the services to be performed, while the defendant insists that the compensation depended upon the recovery and restoration of the property, and the

conviction of the thieves by the plaintiff. Whether the one or the other gives the true version of the contract, in this respect, it is evident that both understood the contract of employment was entered into with reference to a larceny from the Louisville & Nashville Railroad cars. This is manifest not only from the statement of both witnesses, but, as confirmatory of this view, the plaintiff called upon the defendant's agent to indentify the recovered property. There is nothing in the record which would authorize the conclusion that Newbold, the superintendent of the Louisville & Nashville Railroad Company, would have employed the plaintiff to work on a case of larceny from the cars of the Georgia Pacific Railroad Company. We have examined the record very carefully, and we find no satisfactory evidence to show that the goods recovered were stolen from the cars of the defendant. It is clear that the parties arrested by plaintiff were tried and convicted of burglary of the cars of the Georgia Pacific Railroad Company. It is not pretended that any of the goods recovered were taken from the cars of the defendant, except two pairs of shoes; and the proof shows, without serious contention, that the box of shoes delivered by the Georgia Pacific Railroad Company to the defendant, in which were shoes of a similar brand to those stolen, was checked short when delivered to the defendant, and an exception for the shortage was made against the Georgia Pacific Railroad Company, at the time of the delivery of the box of shoes. If this evidence be true, and we find nothing in the record which conflicts with it, or which would justify us in discrediting it, the plaintiff has failed to lift the burden which the law imposes upon every suitor, to prove his case.

We do not see how the letter of Newbold of Sept. 17th, 1890, in any way in its legal effect is at variance with the contract as testified to by him.

We think the grounds of objection to the question, "State what goods, if any, he identified," not tenable, and there was no error in overruling the objection. The plaintiff applied to the superintendent for a proper person to identify the property, who referred him to another. This person took the plaintiff to Mr. Weaver, who was at work at the freight depot, as the proper person to make the identification of the property, and Weaver's own testimony shows he was the proper person.

A part of the evidence of the plaintiff, as to what Weaver said, was mere hearsay; and if it had been objected to at the proper time, no doubt would have been excluded, or it

[Williams v. Harper.]

might have been introduced upon a proper predicate as contradictory or impeaching evidence.

We do not think the evidence, as it is stated in the record, authorized a judgment for the plaintiff.

Reversed and remanded.